IN THE UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF NORTH CAROLINA
ASHEVILLE DIVISION
1:08CV94-1-MU

JIMMY D. RIOS, )
 )
    Petitioner, )
 )
v. ) **O R D E R**
 )
BOYD BENNETT, )
 )
    Respondent. )
_____)

**THIS MATTER** comes before the Court upon Respondent's Motion for Summary Judgment (Doc. No. 4), filed April 15, 2008; and Petitioner's Motion for Full Discovery (Doc. No. 8), filed May 12, 2008.

Upon a review of the record, the arguments, and applicable authorities, the Court finds that Respondent's Motion for Summary Judgment should be <u>granted</u>; Petitioner's Motion for Full Discovery should be <u>denied</u>; and Petitioner's § 2254 Petition for Writ of Habeas Corpus should be <u>dismissed</u>.

## **PROCEDURAL BACKGROUND**

Petitioner is a prisoner of the State of North Carolina serving a life sentence imposed in 1986 for first degree murder and other ancillary offenses. State v. Rios, 322 N.C. 596 (1988). Petitioner's present federal habeas petition concerns a 2007 prison disciplinary proceeding.

On February 15, 2007, following a disciplinary hearing, North Carolina Department of Correction (DOC) a disciplinary hearing officer (DHO) found Petitioner guilty of escape based upon an incident occurring on December 25, 2006. As a result of his conviction, Petitioner

received sixty days of segregation time, a forty-day loss of good-time credits, fifty hours of extra duty, and a 180-day suspension of visitation, telephone, and canteen privileges.  Petitioner appealed the above-noted disciplinary action, and on March 19, 2007, the Chief DHO reviewed and denied Petitioner's appeal.

On March 18, 2008, Petitioner filed the instant federal habeas petition with this Court alleging: 1)  that he requested but was denied access to critical exculpatory evidence during his disciplinary hearing; 2) that the DHO used unsupported allegations to support Petitioner's wrongful conviction; and 3) that the evidence against him did not support his conviction for escape.  Petitioner requests that his escape conviction be reversed and other injunctive relief.

## ANALYSIS

A writ of habeas corpus is available to those inmates challenging the fact or duration of their confinement.  See Preiser v. Rodriguez, 411 U.S. 475, 500 (1973); Muhammad v. Close, 540 U.S. 749, 750 (2004)("Challenges to the validity of any confinement or to particulars affecting its duration are the province of habeas corpus").

Here, Petitioner is challenging a disciplinary hearing that resulted in his receiving sixty days of segregation time, a forty-day loss of good-time credits, fifty hours of extra duty, and a 180-day suspension of visitation, telephone, and canteen privileges.  It is well-established that the segregation time, the extra-duty hours and the loss of privileges do not implicate a liberty interest and are therefore not actionable in a federal habeas proceeding.  See Sandin v. Conner, 515 U.S. 472 (1995); see also Beverati v. Smith (segregated confinement typically does not constitute an atypical or significant hardship); Madison v. Parker, 104 F.3d 765, 769 (5th Cir. 1997) (holding that commissary restrictions did not entitle inmate to due process protections

during disciplinary proceeding).

The loss of good-time credits, however, can be actionable in a federal habeas proceeding. See Preiser v. Rodriguez, 411 U.S. 475, 500 (1973). The good-time loss suffered by this particular Petitioner, however, is not actionable. Petitioner received a life sentence in 1986 under the North Carolina Fair Sentencing Act (FSA). See Rios, 322 N.C. at 597; N.C.G.S. §§ 15A-1340.1 to 1340.7 (1983)(repealed 1993). According to North Carolina DOC policy, inmates like Petitioner, who were sentenced prior to October 1, 1994, are rewarded "[g]ood time . . . for each day served in custody for good behavior and/or without an infraction of inmate conduct rules." N.C. Dep't of Correction Policy and Pro., Sentence Reduction Credits Ch. B, § .0110(a)(issued Oct. 5, 2007). Department policy also dictates that inmates like Petitioner who received death or life sentences under the FSA "are not eligible for good time as a sentence reduction credit." Id. at Ch. B, § .0110(d)(4)(providing that inmates sentenced under the FSA to a Class A or B felony, or to a Class C felony for which they received a life sentence, are ineligible to have their sentences reduced for good time); see also N.C.G.S. § 14-1.1(a)(1-3)(1983)(repealed 1993).

Because Petitioner is serving a life sentence he is not eligible to receive sentence reduction credit for any good time he may accrue. Therefore the loss of good-time credits that resulted from the disciplinary proceeding at issue did not affect the duration of his confinement.[1]

---

[1] Although it appears Petitioner may be accruing and losing good-time credits on paper, unless his conviction was overturned such computations have no bearing on the duration of his sentence. Petitioner was convicted 22 years ago and he presents no argument whatsoever that he has any hope much less a realistic hope of having his conviction overturned. A completely theoretical speculation that his good-time credits could effect his sentence is insufficient to allow him to proceed with his federal habeas petition.

As such, he may not challenge the disciplinary proceeding in a federal habeas corpus petition.[2]

Given the dismissal of Petitioner's federal habeas petition on the basis that it is not an actionable habeas claim, Petitioner's discovery request is moot.

**THEREFORE, IT IS HEREBY ORDERED** that:

1. Respondent's Motion for Summary Judgment (Doc. No. 4) is **GRANTED**;

2. Petitioner's Motion for Full Discovery (Doc. No. 8) is **DENIED;** and

3. Petitioner's Petition for a Writ of Habeas Corpus (Doc. No. 1) is **DISMISSED**.

Signed: May 19, 2008

Graham C. Mullen
United States District Judge

---

[2] The Court notes that even if the loss of good-time credits did effect the duration of Petitioner's sentence and his action could lie in federal habeas, his claim would still fail. While it is well-established that inmates have rights under the Constitution's Due Process Clause when prison actions deprive them of their liberty interests these rights are "subject to restrictions imposed by the nature of the regime to which they have been lawfully committed." See Wolff v. McDonnell, 418 U.S. 539, 556 (1973). The right to call witnesses and present evidence is not unqualified. Brown, 373 F.3d at 505. "Prison officials must have the necessary discretion to keep the hearing within reasonable limits and to refuse to call witnesses that may create a risk of reprisal or undermine authority, as well as to limit their access to other inmates to collect statements or to compile other documentary evidence." Wolff, 418 U.S. at 566. It is within prison official's discretion to deny requests to gather evidence or call witnesses and "their decisions are not to be lightly second-guessed by courts far removed from the demands of prison administration." Brown, 373 F.3d at 505. As set forth in Respondent's Memorandum in support of its Motion for Summary Judgment and the supporting exhibits, the DHO did not abuse her discretion or infringe on Petitioner's Due Process rights when she denied certain requests by Petitioner on the basis that the evidence/witnesses sought were irrelevant, non-existent, unnecessary, or unavailable. Moreover, sufficient evidence existed to support Petitioner's escape conviction.